# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

OPERATING ENGINEERS' LOCAL 324
FRINGE BENEFIT FUNDS,

    Plaintiffs,

v.                                                    Case No. 10-15072

ALTCHEM ENVIRONMENTAL SERVICES, et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION
## FOR DEFAULT JUDGMENT AND SETTING TELEPHONIC CONFERENCE

On August 31, 2011, Plaintiffs filed a motion seeking entry of default judgment or other appropriate sanctions against Defendants for failing to comply with discovery requests. Over the course of the next three and a half months, the court held numerous hearings and telephonic conferences—both on and off the record—with counsel for the parties in an effort to resolve the discovery disputes underlying Plaintiffs' motion. During this time, a pattern of behavior emerged. At each hearing or conference, Defendants made promises to produce the requested discovery by a certain date, and each time the court checked back with the parties, counsel revealed that Defendants had failed to or only partially complied with the requests. On December 1, 2011, the court issued an order directing Defendants to respond to all outstanding discovery requests by December 13, 2011. During a telephone conference on December 20, 2011, however, the court learned that Defendants did not produce any discovery after the court's December 1, 2011 order. Not until the day after the telephone conference did Defendants finally produce the requested discovery documents, thus bringing to a

close the three and a half month saga.  For the reasons set forth below, the court will grant in part Plaintiffs' motion.  Defendants shall compensate Plaintiffs for the reasonable attorney fees and costs associated with seeking the requested discovery and prosecuting this motion.

In May 2011, Plaintiffs' served a set of interrogatories and requests for documents on Defendants.  On August 1, 2011, the court entered an order pursuant to a stipulation extending the time for Defendants to respond to the interrogatories and requests for documents.  (8/1/2011 Order.)  Despite receiving an extension of time, Defendants asserted verbatim, boilerplate objections to nearly every request and interrogatory.[1]  (*See* Pls.' Mot. for Default J. Exs. 5, 6, Dkt. # 28-5,6.)  Such responses prompted Plaintiffs' to file the instant motion.  After hearing argument on the motion on September 22, 2011, the court informed counsel that the hearing would be continued and an order would be issued directing a representative of each corporate Defendant and the individual Defendants to appear before the court at the next hearing.  (*See* 9/26/2011 Order.)  The court also told Defendants' counsel that the seriousness of the motion needed to be properly conveyed to Defendants and that "[s]ignificant sanctions could flow from a failure to" comply with Plaintiffs' discovery requests.  (Oral Argument Tr. at 17:2-10, Sept. 22, 2011, Dkt. # 36.)

---

[1]For example, in response to an interrogatory asking whether Defendants Altchem and Demrex transferred money or other assets to any individual Defendant since 2007, Defendants responded,"Defendants object to this interrogatory as seeking information that is not relevant nor likely to lead to the discovery of admissible evidence. Defendants further object to this interrogatory as unduly burdensome." (Pls.' Mot. for Default J. Ex. 5 at 5-6, Dkt # 28-5.)

2

The court resumed the hearing on October 4, 2011, at which time Defendants' counsel informed the court that Defendants were willing to work with Plaintiffs' counsel to develop a plan which would permit Plaintiffs to discover the information and documents it requested. Receiving such assurances, the court held the motion in abeyance and directed the attorneys to develop a plan going forward to permit the promised discovery. The court next made contact with counsel on November 2, 2011, in an off-the-record telephonic conference to determine whether Defendants had finally produced the requested discovery. Plaintiffs' counsel reported that Defendants produced some, but not all, of the requested discovery, and Defendants' counsel again promised that he would produce the remaining documents no later than early the following week. Defendants, however, did not make any further discovery productions until the week of November 21, 2011. On November 28, 2011, Plaintiffs' counsel emailed Defendants' counsel with an itemized list of the five requests that remained outstanding. (Pls.' Report on Disc. Issues at 2, Dkt. # 47.) The following day, in an email to Plaintiffs' counsel and later during a telephonic conference with the court, Defendants' counsel indicated that he foresaw no problems with producing the outstanding documents. (Pls.' Report on Disc. Issues Ex. A, Dkt. # 47-1.) Following the November 29, 2011 conference, the court issued an order directing Defendants to respond to all outstanding discovery requests by December 13, 2011. (12/1/2011 Order, Dkt. #46.)

On December 19, 2011, Plaintiffs' counsel filed a report with the court indicating that, in spite of Defendants' counsel's assurances and the court order to produce all outstanding discovery by December 13, 2011, Defendants failed to produce any

documents after the November 29, 2011 conference. (Pls.' Report on Disc. Issues at 3.) Not until December 21, 2011, a day after the court conducted a final telephonic conference with counsel, did Defendants finally produce the outstanding requested documents.

Plaintiffs' motion requests that the court enter default judgment against each of the remaining Defendants, or, alternatively, grant other appropriate remedies consistent with Federal Rule of Civil Procedure 37(b). Under Rule 37(b)(2), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may [enter] . . . a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). A court must consider four factors when determining whether default judgment should be entered pursuant to Rule 37: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the party's adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). Here, the court finds that an entry of default judgment is an inappropriate remedy in light of Defendants' ultimate compliance with Plaintiffs' discovery requests.

As to the first factor, Defendants' course of conduct suggests that they willfully disobeyed the court's August 1, 2011 and December 1, 2011 discovery orders. After months of unfulfilled commitments, Defendants' counsel, on November 29, 2011, made a final promise to the court and Plaintiffs' counsel to produce all outstanding discovery requests enumerated in Plaintiffs' counsel's November 28, 2011 email. Not until

December 21, 2011, more than a week after the court-imposed deadline to produce the requested documents, did Defendants finally comply with Plaintiff's discovery requests. Such conduct can reasonably be interpreted as willful noncompliance with the court's December 1, 2011 order.

 Despite Defendants' disobeyance of the court's discovery orders, factors two and four weigh against entering default judgment against the Defendants.  The prejudice suffered by Plaintiffs can be remedied without imposing the draconian sanction of default judgment.  Defendants' repeated failure to comply with the court's orders directing them to produce the requested documents caused Plaintiffs to incur substantial legal fees in prosecuting this motion.  Such prejudice, however, can be remedied by ordering Defendants to compensate Plaintiffs for the attorney's fees and other expenses related to Plaintiffs' counsel's efforts to discover the requested documents.  The court finds absent from Plaintiffs' motion and many subsequent briefs and reports any other examples of prejudice justifying the entry of default judgment. Plaintiffs are now in possession of the requested documents, and the court previously suspended the discovery and dispositive motion deadlines pending the resolution of this discovery dispute.  Therefore, Plaintiffs still have the opportunity to engage in further discovery and to file any dispositive motions it deems appropriate.

 Because the court finds that the prejudice experienced by Plaintiffs can be remedied by less drastic sanctions than default judgment, the court declines Plaintiffs' invitation to enter default judgment.  The court will, however, impose less severe sanctions against Defendants pursuant to Rule 37(b) by ordering Defendants to pay reasonable attorney fees and costs to Plaintiffs.  Accordingly,

IT IS ORDERED that Plaintiffs' motion for default judgment [Dkt. # 28] is GRANTED IN PART. IT IS GRANTED with respect to Plaintiffs' request for sanctions under Federal Rule of Civil Procedure 37(b). Defendants shall pay the reasonable attorney fees and costs incurred by Plaintiffs in prosecuting this motion and seeking the requested discovery.

IT IS FURTHER ORDERED that Plaintiffs are DIRECTED to file an accounting of attorney fees reasonably incurred in prosecuting this motion no later than fourteen days from the entry of this order. Plaintiffs may include in this accounting all fees related to the additional efforts required by counsel in pursuit of the discovery, beyond that which would have been necessary had Defendants originally proffered the discovery in a timely fashion, including, but not limited to: (1) fees associated with drafting the motion and all subsequent briefs and reports relating to this particular discovery dispute; and (2) expenses associated with preparing for, participating in, and attending the various telephone conferences with Defendants' counsel and motion hearings and status conferences conducted by the court relating to this matter. Defendants shall then have fourteen days from the date of Plaintiffs' submission to file objections, if any, to Plaintiffs' calculations. Thereafter, the court will enter an order directing Defendants to pay specified sanctions.

Finally, IT IS ORDERED that the parties shall participate in telephonic conference on **January 19, 2012** at **9:30 a.m.** Counsel should be prepared to discuss the future course of this case and the reinstitution of the suspended deadlines.

      S/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  January 13, 2012


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 13, 2012, by electronic and/or ordinary mail.

                 S/Lisa Wagner
                 Case Manager and Deputy Clerk
                 (313) 234-5522