UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS' LOCAL 324
FRINGE BENEFIT FUNDS,

      Plaintiffs,

v.                                                Case No. 10-15072

ALTCHEM ENVIRONMENTAL SERVICES,
INC., et al.,

      Defendants.
                                             /

### ORDER AWARDING ATTORNEY'S FEES

On January 13, 2012, the court issued an opinion and order granting in part Plaintiffs' motion for default judgment or other appropriate sanctions for Defendants' failure to comply with discovery requests. (1/13/2012 Order, Dkt. # 52.) Specifically, the court imposed sanctions in the form of attorney's fees for all "additional efforts required by counsel in pursuit of the [requested] discovery, beyond that which would have been necessary had Defendants originally proffered the discovery in a timely fashion," (*id.* at 6.), and directed Plaintiffs to submit an accounting of attorney's fees limited in scope to "additional efforts required by counsel in pursuit of the discovery, beyond that which would have been necessary had Defendants originally proffered the discovery in a timely fashion," (*id.*). Plaintiffs have since complied with the court's order, and Defendants filed objections to the accounting of attorney's fees on February 10, 2012.

After a district court determines that fees are appropriate, the court must then arrive at a reasonable amount of fees to award. *See Bldg. Serv. Local 47 Cleaning*

*Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995). The "lodestar" approach is considered to be the proper method for determining the amount of reasonable attorney's fees. *Id.* at 1401 (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)). In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (alterations in original) (citation omitted). When "the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is *presumed* to be the reasonable fee to which counsel is entitled." *Del. Valley,* 478 U.S. at 564 (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

     Plaintiffs state that they expended $17,787 in attorney's fees as a result of Defendants' failure to timely comply with their discovery requests, based upon an hourly rate of $220 applied to counsel's claim for 80.85 hours of work performed in this case that would not have been necessary had Defendants timely produced the requested discovery.[1] Defendants accept the reasonableness of Plaintiffs' counsel's hourly rate but object to the scope of attorney's fees requested and the reasonableness of the hours claimed. Specifically, Defendants maintain that Plaintiffs should not be permitted to include in their accounting any time Plaintiffs' counsel spent reviewing discovery responses and documents because such review is necessary regardless of Defendants'

---

[1]Plaintiffs attach to their accounting of attorney's fees an itemization of counsel's time devoted to prosecuting their motion for default judgment and resolving the discovery dispute. This itemization accounts for only 58.10 hours of the 80.85 hours Plaintiffs claim counsel expended on the dispute. This discrepancy, however, is immaterial to resolving the reasonableness of Plaintiffs' accounting of attorney's fees because the court ultimately concludes that counsel should not have reasonably spent more than 45 hours resolving the dispute.

untimely and piecemeal production of the requested discovery. The court, however, disagrees with Defendants' argument. Reviewing Defendants' discovery responses and documents was a necessary first step to Plaintiffs' counsel determining whether or not Defendants complied with Plaintiffs' discovery request. Furthermore, each time Defendants submitted additional discovery responses and documents purportedly satisfying Plaintiffs' requests, counsel necessarily had to review the responses and documents to confirm Defendants' claims.

Nevertheless, Defendants' general contention that the amount of hours claimed is unreasonable has merit, and the court concludes that Plaintiffs' counsel has not carried his burden of demonstrating that the number of hours he spent on this dispute is reasonable. Although the prolonged nature of this discovery dispute and the numerous hearings and status conferences likely required counsel to review the relevant discovery documents and court filings several times, the fundamental fact remains that this was a relatively uncomplicated dispute requiring straightforward legal analysis. For example, counsel's brief in support of Plaintiffs' motion for default judgment succinctly set forth Plaintiffs' position in just over two pages of analysis. (*See* Br. Supp. Pls.' Mot. Default J., Aug. 31, 2011, Dkt. # 28.) After giving due consideration to the substantive nature of this discovery dispute, as well as the prolonged period during which Defendants repeatedly promised and failed to produce the outstanding discovery requests, the court concludes that a reasonable number of hours expended by Plaintiffs' counsel in prosecuting Plaintiffs' motion for default judgment and securing the discovery responses and documents is 45 hours. Plaintiffs may therefore recover attorney's fees for 45 hours of counsel's time at an hourly rate of $220. Accordingly,

IT IS ORDERED that attorney's fees are awarded against Defendants in the amount of $9990.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: March 7, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 7, 2012, by electronic and/or ordinary mail.

        s/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522