**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

OPERATING ENGINEERS' LOCAL 324
FRINGE BENEFIT FUNDS and TRUSTEES
OF THE OPERATING ENGINEERS'
LOCAL 324 FRINGE BENEFIT FUNDS,

       Plaintiffs,                                               Case No. 10-15072

v.                                                        Hon. Robert H. Cleland

DEMREX INDUSTRIAL SERVICES, INC.,
ALTCHEM ENVIRONMENTAL SERVICES,
INC., BARRY C. PORTNOY, JASON
GOLDBERG and MARC G. BAILEY,

       Defendants.
_____/

## ORDER DIRECTING DEFENDANTS TO PROVIDE ACCOUNTING INFORMATION

On July 2 and July 24, 2012, the court conducted telephone conferences with counsel for the parties during which production of financial records was addressed. The parties presented their positions with respect to information Defendants[1] provided to Plaintiffs pursuant to this Court's April 4, 2012 Order. After reviewing the parties' positions and concluding that Defendants must provide additional access to Plaintiffs of their financial records,

IT IS ORDERED that Defendants shall produce, on or before **August 29, 2012**, the following records to Plaintiffs through a compressed zip file or compact disk of equivalent utility, with reports printed using a standard Sage system.report form, for

_____

[1] This action is stayed as to Demrex Industrial Services, Inc. ("Demrex") as a result of its Chapter 11 bankruptcy proceeding initiated on December 9, 2011 in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Case No. 11-19403. Consequently, "Defendants" refers to all Defendants except Demrex.

Demrex and Altchem for periods stated in the April 4, 2012 Order, to enable Plaintiffs to analyze and review data at Plaintiffs' location:

1. Demrex's Vendor Lists, such as Report 4-1-2-63, A/P Invoice List With Payments, and Report 4-1-5-21, Vendor Payments, to investigate payments to or for the benefit of Defendants or vendors associated with them.  However, Plaintiffs will not contact any vendor without a subpoena before providing Defendants with the vendor's name and a purpose for which Plaintiffs would contact the vendor, at which point Defendants will have 14 days to provide an explanation to Plaintiffs.  Then, Plaintiffs will not contact the vendor without a subpoena unless they are not satisfied with Defendants' explanation and Defendants authorize such contact.  If the parties do not agree on whether Plaintiffs should contact the vendor without subpoena, they will submit their positions to the court for direction.

2. Payroll Reports with employee number of Jason Goldberg, to obtain Report 5-1-2-36, Payroll Check Register by Employee, for Mr. Goldberg, to the extent such reports exist.  If such reports do not exist Defendants will submit an affidavit verifying their lack of existence.

3. The entire accounting databases, made available at Plaintiffs' location for analysis and review to determine what caused Trial Balances and Income Statements to be out of balance from the ends of years to the beginnings of following years.

4. Individual 4-1-5-21 reports for Vendors 3, 394 and 449.

IT IS FURTHER ORDERED that Defendants will provide, on or before **August**

**29, 2012**, Plaintiffs through remote access the General Ledger for Demrex to review voided records, through read only access to Menu 1-3 of General Ledger Records, to enable Plaintiffs to research the circumstances surrounding the voiding of 594 Job Cost Records.  Plaintiffs will provide Defendants with five full or partial days they are available to engage in the remote access described above.  Defendants will select one of the proposed days to provide Plaintiffs with the access.  Although the parties expect that Plaintiffs can complete the necessary action to obtain the records described above in less than one day of remote access, if Plaintiffs do not obtain records sought in one day they will communicate with Defendants in order to select additional time to continue the remote access.

IT IS FURTHER ORDERED that all other provisions of the April 4, 2012 Order remain in effect except as modified by this Order.

Finally, IT IS ORDERED that counsel shall participate in a telephonic status conference on **September 12, 2012, at 10:00 a.m.**

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  August 7, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this dateAugust 7, 2012, by electronic and/or ordinary mail.

 s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

3